**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19-6924**

───────────

DAVID MEYERS,

       Petitioner - Appellant,

    v.

UNITED STATES OF AMERICA,

       Respondent - Appellee.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:13-cv-00261-JRS)

───────────

**No. 19-6967**

───────────

DAVID MEYERS,

       Petitioner - Appellant,

    v.

UNITED STATES OF AMERICA,

       Respondent - Appellee.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Tommy E. Miller, Magistrate Judge.  (2:12-cv-00223-RGD-TEM)

───────────

Submitted:  November 12, 2019                    Decided:  November 25, 2019

_____

Before KING and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

David Meyers, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, David Meyers, a Virginia inmate, seeks to appeal the district court's orders transferring his 28 U.S.C. § 2241 (2012) petition and dismissing the petition without prejudice. Meyers filed a consolidated notice of appeal, listing several district court cases, but did not designate the orders he wants to appeal. We dismiss the appeals for lack of jurisdiction.

Pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must specify the judgment or order being appealed. We construe this rule liberally "asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). Because the dictates of Rule 3 are jurisdictional, each requirement must be satisfied as a prerequisite to appellate review. *Smith v. Barry,* 502 U.S. 244, 248 (1992). In his one-page consolidated notice of appeal, Meyers failed to specify the orders being appealed. Accordingly, we lack jurisdiction.

Moreover, when the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The orders designated as the orders Meyers sought to appeal were entered April 25, 2013, and May 12, 2015. Meyers filed the notice of appeal on June 11, 2019.[*] Because Meyers failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we lack jurisdiction.

Because Meyers failed to specify the orders being appealed, we dismiss the appeals for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Meyers could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).